## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| APRIL M. POLLEFEYT, on behalf of herself and all others similarly situated, | CLASS ACTION COMPLAINT |
| Plaintiff, | |
| | CASE NO.     1:18-cv-01504 |
| v. | |
| MIRAMED REVENUE GROUP, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## CLASS ACTION COMPLAINT

NOW comes APRIL M. POLLEFEYT ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of herself and all others similarly situated, complaining as to the conduct of MIRAMED REVENUE GROUP, LLC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this this class action on behalf of the Plaintiff and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d) and 28 U.S.C. §§1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the Northern District of Illinois.

### PARTIES

1

4.  Plaintiff is a 44 year old natural "person," as defined by 47 U.S.C. §153(39).

5.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because she is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

6.  Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d.

7.  Defendant is an Illinois limited liability company with its principal place of business located at 991 Oak Creed Drive, Lombard, Illinois.

8.  Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it regularly uses the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

9.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTUAL ALLEGATIONS

11. On information and belief, Defendant, on behalf of UT Southwestern Medical Center Physician Billing, began collecting on several alleged delinquent consumer accounts ("subject debts").

12. The subject debts arose out of Plaintiff's medical expenses, which constitutes a transaction in which money, property, insurance or services, serving as the subject of the transaction, were for personal, family, or household purposes; therefore, the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

2

13.   Within the one (1) year preceding the filing of this Complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the subject debts.

14.   On or about September 14, 2017, Defendant mailed or caused to be mailed to Plaintiff a collection or "dunning" notice ("Collection Notice") via U.S. Mail in an attempt to collect the subject debts from Plaintiff. *See Defendant's Collection Notice to Plaintiff, attached as Exhibit "A".*

15.   Defendant regularly engages in debt collection activity throughout the United States using the same form Collection Notice that was sent to Plaintiff.

16.   The Collection Notice sent to Plaintiff in the year prior to the filing of the instant action constituted a "communication" as defined by FDCPA § 1692a(2).

17.   The Collection Notice sent to Plaintiff contains a portion which reads "Amount Due," followed by the purported amount said to be owed on the subject debts.

18.   The Collection Notice further states: "You may have additional accounts placed in our office – please call to discuss."

19.   The above referenced language is deceptive, misleading, and constitutes unfair collection practices in violation of the FDCPA.

20.   All of Defendant's collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.

### CLASS ACTION ALLEGATIONS

21.   Plaintiff brings this action on her own behalf and as a class action on behalf of the following class:

> All persons who received a Collection Notice during the one year preceding the filing of this action through the date of class certification from Miramed Revenue Group, LLC that contained an

3

indication of the "Amount Due" as well as the language "You may have additional accounts placed in our office, please call to discuss."

22. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

23. The Class consists of hundreds or more persons throughout the United States, such that joinder of all Class embers is impracticable.

24. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA, particularly because these are form Collection Notices based on a common course of conduct by Defendant.

25. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

26. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

27. This questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA by sending Collection Notices to Class Members using the language "[y]ou may have additional accounts placed in our office, please call to discuss"; (ii) whether Defendant violated the FDCPA by sending Collection Notices to Class Members using the language "[y]ou may have additional accounts placed in our office, please call to discuss" in combination with a representation of the "[a]mount due" on the subject debt(s); (iii) whether Defendant's form Collection Notices violated the FDCPA; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

28.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

#### a.  Violations of 15 U.S.C § 1692e

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

32. Defendant violated 15 U.S.C. §§1692e, e(2)(A), and e(10), by including the language "You may have additional accounts placed in our office" in its form Collection Notice sent to Plaintiff. This language is deceptive and misleading as to the nature, character, or amount of any debts Plaintiff may owe Defendant. A least sophisticated consumer could believe that he or she is subject to an additional debt not detailed in the Collection Notice. Plaintiff has no additional debts with Defendant, thus demonstrating the false, deceptive, and misleading nature of Defendant's representation.

33. The inclusion of the above referenced language further violates the above referenced provisions of the FDCPA, when taken together with the "Amount Due" language on the front of

the Collection Notice. Because the Collection Notice represents the amount said to be owed to Defendant, yet the language in the letter suggests the possible existence of further debts, the purported "Amount Due" misleadingly characterizes the amount owed to Defendant in the event further accounts were placed with Defendant for collection.

### b. Violations of 15 U.S.C. § 1692f

34. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated 15 U.S.C. § 1692f through its inclusion of the language "please call to discuss" following the language reading "You may have additional accounts placed in our office." Through use of this language, Defendant unfairly and unconscionably sought to instill a sense of anxiety and fear in Plaintiff that she may have further debts with Defendant. Defendant included this language hoping that such increased pressure would compel Plaintiff to place a call to Defendant so that Defendant may further subject Plaintiff to more pressure-intensive, over-the-phone collection efforts.

WHEREFORE, Plaintiff, APRIL M. POLLEFEYT, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

c. Statutory damages under 15 U.S.C. § 1692k(a);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 28, 2018                                    Respectfully submitted,

s/ Nathan C. Volheim                                       s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                           Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                      Counsel for Plaintiff
Admitted in the Northern District of Illinois              Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                   Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                        2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                    Lombard, Illinois 60148
(630) 568-3056 (phone)                                     (630) 581-5858 (phone)
(630) 575-8188 (fax)                                       (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                   thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com