IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| APRIL M. POLLEFEYT, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.18-cv-1504 |
| v. | ) ) | Judge: Susan E. Cox |
| MIRAMED REVENUE GROUP, LLC, | ) ) ) | |
| Defendant. | ) | |

### MOTION FOR SUMMARY JUDGMENT MEMORANDUM OF LAW

Defendant, MIRAMED REVENUE GROUP, LLC ("Miramed" or "Defendant"), by and through its attorneys, Nabil G. Foster and Lindsey A.L. Conley of Hinshaw & Culbertson LLP, pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Illinois Federal District Court, submits its Memorandum of Law in Support of its Motion for Summary Judgment and states as follows:

### INTRODUCTION

Plaintiff April M. Pollefeyt ("Plaintiff") filed the instant litigation alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Specifically, Plaintiff alleges that Miramed violated the FDCPA by sending her collection correspondence which informed her of the aggregate amount she owed for three accounts but also included a disclosure that there may have been additional accounts placed in Miramed's office prior to the three debts identified in the letter and that Plaintiff may call Miramed to discuss any such additional accounts. This disclaimer appeared above a list of accounts which itemized each balance due and identified the account numbers, reference numbers and dates of service for each account debt owed. Despite the itemized amounts adding up to the total balance due stated on the first page of the correspondence, Plaintiff claims that the letter was misleading and deceptive

as to the nature, character or amount of debt that she owed. However, the disclosure was a true and informative statement which could not mislead an unsophisticated consumer as to the debts that Miramed attempted to collect from Plaintiff. Plaintiff has not provided any extrinsic evidence to prove that an unsophisticated consumer would have interpreted the collection letter as Plaintiff alleges. Therefore, this Court should grant summary judgment in favor of Miramed.

## STATEMENT OF MATERIAL FACTS

Plaintiff incurred a financial obligation owed to UT Southwestern Medical Center ("UT Southwestern"). (Defendant's Statement of Material Facts ("SMF"), ¶ 3). Plaintiff did not pay the financial obligation and UT Southwestern placed one account (account ending in 8227) with Miramed on August 16, 2017. (SMF, ¶ 4). On August 29, 2017, Miramed sent Plaintiff a collection letter ("first letter") for the account placed on August 16, 2017. (SMF, ¶ 5). Subsequently, UT Southwestern placed three other accounts (accounts ending in 5965, 6913 and 5792) with Miramed on September 4, 2017. (SMF, ¶ 6). On September 14, 2017, Miramed sent Plaintiff a collection letter ("second letter") regarding the three accounts placed on September 4, 2017. (SMF, ¶ 7). The second letter did not include the 8227 account as one of the itemized accounts on the letter because it was already itemized on the first letter sent on August 29. (SMF, ¶¶ 5, 9). The second letter stated the amount due for each of the three accounts and provided a list of accounts which consisted of the account number, reference number, balance due and date of service for each individual account that Miramed attempted to collect in the second letter. (SMF, ¶ 8). Above the list detailing the accounts, there was a disclosure which stated, "*You may have additional accounts placed in our office – please call to discuss." (SMF, ¶ 8). As a matter of fact, Plaintiff did have an additional account placed with Miramed prior to the placement of the three accounts listed in the second letter. (SMF, ¶¶ 4-5).

Since the three additional accounts for Plaintiff, listed in the September 14, 2017 letter, were placed by UT Southwestern after the August 29, 2017 letter about the initial account ending in 8227, Miramed included the disclosure, "[y]ou may have additional accounts placed in our office – please call to discuss" on the September 14, 2017 letter which informed Plaintiff that she may have additional accounts placed in Miramed's office and requested that she call Miramed to discuss. (SMF, ¶ 10). The purpose of the disclosure is to inform of the possibility that the debtor may have previously placed accounts within Miramed's offices. (SMF, ¶ 11).

Plaintiff's complaint concludes that Miramed's letter is "deceptive and misleading as to the nature, character, or amount of any debts Plaintiff may owe Defendant" and "misleadingly characterizes the amount owed to Defendant in the event further accounts were placed with Defendant for collection." (SMF, ¶ 12). When asked what was her issue with the two letters she received from Miramed, Plaintiff testified that: (1) she didn't understand why Miramed was sending her letters and not UT Southwestern, and (2) the second letter gave her a list of accounts it was collecting but it did provide her with an explanation of what the services were for. (SMF, ¶ 13). Plaintiff's testimony does not support her claims because it indicates that the Plaintiff simply did not like being the focus of collection efforts for medical treatment she received. Furthermore, Plaintiff never requested validation of any of the debts within the 30 day period provided by the FDCPA. (SMF, ¶ 15). Plaintiff has not suffered any actual damages and only claims that she was stressed and annoyed because she did not like Miramed calling her or sending her letters regarding her debts. (SMF, ¶ 14).

## **STANDARD OF REVIEW**

A party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court

"must determine whether the evidence, so construed, establishes genuine disputes of material fact with respect to" plaintiffs' claims. *Harper v. Fulton Cnty.,* 748 F.3d 761, 765 (7th Cir. 2014). A genuine dispute of material fact "exists only if there is enough evidence upon which a reasonable [finder of fact] could return a verdict in" the non-movant's favor. *Swetlik v. Crawford,* 738 F.3d 818, 826 (7th Cir. 2013). On cross motions for summary judgment, the court assesses whether each movant has satisfied the requirements of Rule 56. *See Cont'l Cas. Co. v. Nw. Nat'l Ins. Co.,* 427 F.3d 1038, 1041 (7th Cir. 2005). "As with any summary judgment motion, we review cross-motions for summary judgment construing all facts, and drawing all reasonable inferences from those facts, in favor of the non-moving party." *Laskin v. Siegel,* 728 F.3d 731, 734 (7th Cir. 2013).

The Seventh Circuit treats the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact. In doing so, it divides debt collection communications into three categories: those that are plainly and clearly not misleading, those that are plainly deceptive or misleading, and those, in the middle category, that contain language that is not misleading or confusing *on its face*, but that has the potential to be misleading to the unsophisticated consumer. *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800-01 (7th Cir. 2009). For communications that fall into that middle category, "plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find *the challenged statements* misleading or deceptive." *Id.* at 800 (emphasis added).

## ARGUMENT

I.  **This Court should grant summary judgment in favor of Miramed because the collection letter contained no language that was false, misleading or deceptive.**

Plaintiff alleges that Miramed violated §§ 1692e, e(2)(a), e(10) and f  but none of these

4

claims have merit. Miramed's collection letter sent to Plaintiff was truthful and complies with the FDCPA. In evaluating a collection letter's compliance with the FDCPA, the Seventh Circuit applies the "unsophisticated consumer" standard. *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012) citing *Avila v. Rubin,* 84 F.3d 222, 226–27 (7th Cir.1996). The letter must be clear and comprehensible to an individual who is "uninformed, naïve, [and] trusting," *Veach v. Sheeks,* 316 F.3d 690, 693 (7th Cir. 2003), but not without a rudimentary knowledge about the financial world or incapable of making basic deductions and inferences, *Wahl v. Midland Credit Mgmt., Inc.,* 556 F.3d 643, 645 (7th Cir. 2009). *Zemeckis,* 679 F.3d at 635. Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011). The FDCPA is designed to provide information that helps consumers choose intelligently…to be actionable a misleading statement must have the ability to influence the consumer's decision. *Id.* at 941-42. Section 1692e is essentially a rule against trickery. *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007).

Here, the disclosure that Plaintiff may have additional accounts placed in Miramed's office was truthful. It is undisputed that UT Southwestern placed the 8227 account in Miramed's office on August 16, 2017. (SMF, ¶ 4). When Plaintiff received the second letter which is the letter at issue in this case, there was an existing account in Miramed's office which was not listed on the second letter. (SMF, ¶¶ 4, 6-7, 9). Miramed sent Plaintiff an initial letter for the 8227 account on August 29, 2017 which was before the other three accounts were placed with Miramed. (SMF, ¶¶ 5-6). Because a separate account already existed in Miramed's office prior to Plaintiff's receipt of the second letter, there is no reasonable basis to claim that the disclosure at

issue was false. Contrary to Plaintiff's allegations, the statement was absolutely true. Plaintiff has not produced any evidence to create a genuine dispute of a material fact that the second letter was false.

Not only is the letter truthful but it is not misleading or deceptive. Plaintiff claims that the statement "*You may have additional accounts placed in our office – please call to discuss" is deceptive and misleading as to the nature, character or amount of any debts that Plaintiff owed. Considering the facts that: (1) there was an existing account placed with Miramed and (2) Plaintiff received correspondence regarding that account prior to her receiving the second letter, Plaintiff could not be misled or deceived by the disclosure at issue. Furthermore, under these same facts no consumer (sophisticated or not) could be misled or deceived by the disclosure.

Plaintiff was or should have been aware of the first collection letter that Miramed sent to her because the first letter was sent approximately two weeks before the second letter. Thus, Plaintiff should have known that there was an existing debt placed with Miramed for an account other than those listed in the second letter. Because the unsophisticated consumer has a "reasonable knowledge of her account's history," *Wahl*, 556 F.3d at 646, Plaintiff would not be misled or deceived by the second letter as she would read the letter with the benefit of the context provided by the first letter. An unsophisticated consumer would clearly understand the disclosure informing her that she may have additional accounts placed with Miramed because she received a letter two weeks prior to the second letter about a different account and amount owed to the same creditor. Even if the unsophisticated consumer did not receive or read the first letter for some reason, the disclosure would not deceive her but would provide substantive information to enable her to inquire whether there is an additional account which she may have overlooked.

Plaintiff does not allege any conduct to support her § 1692f claims which is different than the same conduct she alleged to support her § 1692e claims. It is hard to see how Plaintiff or any other consumer would be misled or deceived by the truthful and informative statement in the letter at issue. Therefore, it is hard to see how informing a person of that there may be an already existing account placed in Miramed's office could be unfair or unconscionable to rise to the level of a violation of the FDCPA. Informing a person of a debt alone is not unlawful and Plaintiff's § 1692f claim fails. It is clear on its face that the letter is not false or misleading. It is also clear that Miramed's conduct was not unfair or unconscionable. Therefore, this Court should grant summary judgment in favor of Miramed.

## II. Summary judgment should be entered in favor of Miramed because Plaintiff's alleged violations are immaterial to establish a violation under the FDCPA.

The FDCPA is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect). *Hahn v. Triumph P'ships LLC,* 557 F.3d 755, 757 (7th Cir. 2009). In *Hahn v. Triumph Partnerships LLC,* the Seventh Circuit relied on United States Supreme Court holding that "materiality is an ordinary element of any federal claim based upon a false or misleading statement" in deciding to apply the requirement of materiality to a FDCPA claim brought under § 1692e. *Hahn v. Triumph P'ships LLC,* 557 F.3d 755, 757-58 (7th Cir. 2009) citing *Carter v. United States*, 530 U.S. 255 (2000); *Neder v. United States*, 527 U.S. 1 (1999). Here, the statement, "[y]ou may have additional accounts placed in our office – please call to discuss" is neither false nor misleading. The disclosure informed Plaintiff that it was possible that other accounts were placed in Miramed's office other than the accounts which Miramed sought to collect in the September 14th correspondence. "While the unsophisticated consumer tends to read collection letters literally, he

7

does not interpret them in a bizarre or idiosyncratic fashion." *See Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014).

It is clear from the second letter that Miramed was attempting to collect a total of $2,004.24 for three accounts owed to UT Southwestern. The amount due is stated at the top of the letter and again at the bottom of the letter. (SMF, Exhibit 4). The front of the letter informs Plaintiff to read the reverse side of the letter four separate times. (SMF, Exhibit 4). The reverse side of the letter lists the three accounts that Miramed was attempting to collect in the September 14, 2017 letter with the balances and dates of service for each account displayed. (SMF, ¶ 8). The balances of these three additional accounts add up to a total of $2,004.24. Although Plaintiff may claim to be an unsophisticated consumer, she is expected to be able to read the second letter in its entirety and make the logical deduction that the listed balances added up to the total amount of the debt stated on the front of the same letter. *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 366 (7th Cir. 2018) ("The unsophisticated consumer is…wise enough to read collection notices with added care… ."). Considering that Plaintiff was correctly informed about three accounts which she owed to UT Southwestern, the statement that she may have other accounts in Miramed's office would have no bearing on whether Plaintiff will pay the debt listed in the September 14th letter because the September 14th letter provided her with information itemizing the total amount Miramed attempted to collect in the letter, such as account number, balances of each account and dates of service.

It is important to note that approximately two weeks before receiving the September 14th letter, she was sent a letter from Miramed attempting to collect a different debt. Plaintiff fails to provide any evidence to prove that the disclosure at issue and under the facts of this case would unfairly influence her decision to pay the debts Miramed listed in the second letter sent on

September 14th. Therefore, this Court should grant summary judgment in favor of Miramed because the statement at issue is immaterial to establish a violation under the FDCPA.

**III.     This Court should enter summary judgment in favor of Miramed because Plaintiff's claims are unsupported by extrinsic evidence.**

The Seventh Circuit has ruled that the FDCPA is intended for the protection of unsophisticated consumers, so that in deciding whether, for example, a representation made in a dunning letter is misleading, the Court asks whether a person of modest education and limited commercial savvy would be likely to be deceived. *Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509, 512-13 (7th Cir. 2004). The standpoint is not that of the least intelligent consumer in this nation of 300 million people, *Chuway v. Nat'l Action Fin. Services, Inc.*, 362 F.3d 944, 948-49 (7th Cir. 2004); *Gammon v. GC Services Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994); cf. *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993), but that of the average consumer in the lowest quartile (or some other substantial bottom fraction) of consumer competence. *Evory v. RJM Acquisition Funding, LLC*, 505 F.3d 769, 774 (7th Cir. 2007).  This is implicit in the rule that a plaintiff cannot withstand summary judgment just by presenting her affidavit that she was confused.  *Taylor v. Cavalry Investment, LLC*, supra, 365 F.3d at 574-75; *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1061-62 (7th Cir. 2000).

The Seventh Circuit has clearly and consistently held on multiple occasions that if it is unclear whether an unsophisticated consumer would find a communication deceptive, misleading, or confusing, extrinsic evidence is required to show how consumers perceive the communication.   Each of those cases also explains that the most appropriate form of extrinsic evidence would be a "carefully designed and conducted consumer survey."  *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 760 (7th Cir. 2006); quoting *Chuway v. National Action Fin Services, Inc.*, 362 F.3d 948 (7th Cir. 2004), referring to *Walker v. Nat'l Recovery,*

9

*Inc.*, 200 F.3d 500, 501 (7th Cir. 1999). The rule is applied uniformly when claims are asserted, like Plaintiff's claims, under 15 U.S.C. §1692e.

Plaintiff's complaint concludes that Miramed's letter is "deceptive and misleading as to the nature, character, or amount of any debts Plaintiff may owe Defendant" and "misleadingly characterizes the amount owed to Defendant in the event further accounts were placed with Defendant for collection." (SMF, ¶ 12). As explained above, the language of the letter truthfully explains, that Plaintiff may have additional accounts **already placed** in Miramed's office. The disclosure does not discuss the future or whether the Plaintiff will have future accounts placed for collection. Thus, Plaintiff's claim is complete nonsense because Plaintiff appears to base her claim on the unknown future by using the words "in the event further accounts" to suggest that a statement about the past and the present can be transformed into something misleading because of some futuristic speculation of reality: "in the event further accounts…". It is absurd that linguist contortions of collection letters are permitted to be the bases of federal lawsuits.

Miramed's letter is not deceptive or misleading. The letter accurately stated the amount of the debt Miramed attempted to collect in the letter because the sum of the amounts owed on the list of accounts, which itemized the balance of each account on the second page of the letter, equaled the total amount of the balance stated on the first page of the letter. To the extent that Plaintiff alleges that the unsophisticated consumer would be misled or deceived as to the amount that Miramed attempted to collect, the theory is completely unsupported by any evidence, extrinsic or otherwise.

Plaintiff did not perform a survey of consumers. Plaintiff did not present any evidence that anyone was misled or deceived as to what amount was owed on the September 14th letter. In order to survive summary judgment, Plaintiff must present extrinsic evidence that a significant

percentage of consumers were deceived or misled by this letter. She did not, and she cannot survive summary judgment.

## IV. Plaintiff lacks Article III standing because she has not been harmed or suffered an "injury in fact."

Federal court jurisdiction is a primary consideration for the Court. In this instance, Plaintiff fails to meet Article III standing. Summary judgment should be entered in the favor of Miramed for the alleged claims because Plaintiff rests her theory on a bare alleged violation and did not suffer any harm. The Supreme Court clarified that Article III standing requires that a plaintiff have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547. The "injury in fact must be both concrete and particularized." Id. at 1548. In *Spokeo*, the Court made clear that a plaintiff does not "automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549. A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* Recently, the Supreme Court reiterated the principle that a plaintiff does not automatically have standing by claiming a violation of a statutory right that authorizes private actions. *See Frank v. Gaos*, 139 S. Ct. 1041, 1045 (2019).

To establish injury in fact, a plaintiff must show he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Id. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The plaintiff bears the burden of establishing this standing. *Id.* at 560-61. For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Id.* "A concrete injury must be 'de facto;' that is, it must actually exist." *Id.* As stated by the

11

Supreme Court: "When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term – 'real,' and not 'abstract.'" *Id.* "The injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Casillas v. Madison Ave. Assocs.*, Case No. 17-3162, 2019 U.S. App. LEXIS 16798, * 13 (7th Cir. June 4, 2019) citing *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972).

Plaintiff has not proven any concrete injury-in-fact. Plaintiff's theory of the case is that Miramed violated the FDCPA by including a disclosure on a collection letter that could lead an unsophisticated consumer to believe that she was subject to an additional debt not detailed in the letter when Plaintiff had no additional debts with Miramed. However, Plaintiff's claim that she did not have an additional account in Miramed's office is false. Plaintiff did have an additional previously placed account which was not included in the letter at issue because Miramed previously sent her an initial letter for that already existing account. Thus, the disclosure was effectively informing Plaintiff that there was an additional debt in Miramed's office which was not included in the letter.

Plaintiff has not provided any evidence that being informed of other outstanding debts harmed or posed any real risk of harm to her interests under the FDCPA. Plaintiff's theory suggests that it is misleading to inform someone of an already existing outstanding debt when a subsequent debt is placed with the debt collector. Plaintiff's theory is contrary to the protections of the FDCPA and places debt collectors at an unfair disadvantage who are truthfully communicating with a debtor about the debts owed.

Not only does Plaintiff fail to show the disclosure posed any real risk of harm to her interests under the FDCPA but she fails to show that she was harmed in any way that can be favorably redressed under the FDCPA. Plaintiff's deposition testimony reveals that Plaintiff

believes that she was harmed because she was subject to collections from Miramed and Miramed's letters did not tell her what the debts were for. (SMF, ¶ 13) ("[O]n the second page, it says that I have accounts. It says, You may have additional accounts placed in our office, Please call to discuss. So it gives me a list of three different accounts, but it doesn't tell me what the – what the services were for it."). In addition, Plaintiff claims that she just didn't like receiving phone calls and letters from Miramed. (SMF, ¶ 14). What Plaintiff claims is her harm is essentially that she simply did not like being asked to pay a debt she owes her medical providers at UT Southwestern Medical Center. While Plaintiff may feel uncomfortable or displeasure by the fact that she owes her doctors money that she failed to pay, this uncomfortable feeling is not a harm that this Court can remedy under the FDCPA because the mere request to collect a debt alone is not unlawful. If the Plaintiff wanted to know "what the services were for" she could have exercised her right to ask for validation of the debts, but she didn't. Rather than contact Miramed for more information about the debts, she contacted a lawyer to sue Miramed. Miramed cannot be held liable for the general stresses an unsophisticated consumer would experience just from being asked to pay their debts. There is no real risk of harm that could satisfy Plaintiff's burden to prove she has standing to assert her FDCPA claims. Therefore, Plaintiff lacks Article III standing and this Court should grant summary judgment in favor of Miramed.

## **CONCLUSION**

Plaintiff filed this lawsuit complaining that a statement on the reverse side of the September 14, 2017 collection letter informing her that she may have additional accounts placed in Miramed's office was false, misleading and deceptive in violation of the FDCPA. First, the statement is true because Miramed previously sent Plaintiff a letter on August 29, 2017

attempting to collect a separate single account which was not listed on the letter sent on September 14, 2017, which was about three additional accounts placed for collection by the same doctor's office. Because Plaintiff was notified of this prior existing account in the August 29, 2017 letter, the disclosure in the September 14, 2017 letter that she may have an additional account is immaterial and would not influence her decision to pay the three additional debts in the September 14th letter.

The statement is an informative one and would not mislead an unsophisticated consumer. The September 14 letter issue accurately stated the amount of the three debts Miramed was attempting to collect in that letter. In addition, the list of accounts appearing below the disclosure provided information to allow Plaintiff to understand those accounts totaled the amount due on the front of the letter. Plaintiff has not provided any extrinsic evidence that an unsophisticated consumer would be deceived or misled by the statement regarding additional accounts. The evidence that Plaintiff provided (her own testimony) shows that she was not misled or deceived, rather what actually happened here is that she didn't want to receive collection notices at all. Miramed cannot be held liable under the FDCPA simply because a plaintiff does not like being subject to collections. Therefore, this Court should grant summary judgment in favor of Miramed.

WHEREFORE, Defendant, MIRAMED REVENUE GROUP, LLC, requests that this Court enter an order granting summary judgment in Defendant's favor and against Plaintiff on all claims asserted in the Complaint and that judgment be entered thereon pursuant to Federal Rule of Civil Procedure 56.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

14

                */s/ Lindsey A.L. Conley*
                Lindsey A.L. Conley

Nabil G. Foster
Lindsey A.L. Conley
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
E-mail: nfoster@hinshawlaw.com
E-mail: lconley@hinshawlaw.com

**CERTIFICATE OF SERVICE**

   I, Lindsey A.L. Conley, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** upon the following individual(s), by deposit in the U.S. mail box at 151 North Franklin Street, Chicago, Illinois 60606, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on July 31, 2019.

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | Nathan C. Volheim |
| ___ | Federal Express | Taxiarchis Hatzidimitriadis |
| ___ | E-Mail & U.S. Mail | SULAIMAN LAW GROUP, LTD. |
| ___ | Messenger | 2500 S. Highland Avenue, Suite 200 |
| | | Lombard, IL 60148 |
| | | Phone: (630) 575-8181 |
| | | Fax: (630) 575-8188 |
| | | Email: nvolheim@sulaimanlaw.com |
| | | thatz@sulaimanlaw.com |

Nabil G. Foster  
Lindsey A.L. Conley  
HINSHAW & CULBERTSON LLP  
151 North Franklin Street, Suite 2500  
Chicago, IL 60606  
Telephone: 312-704-3000  
Facsimile: 312-704-3001  
nfoster@hinshawlaw.com  
lconley@hinshawlaw.com  

*/s/ Lindsey A.L. Conley*  
Lindsey A.L. Conley  
One of the Attorneys for Defendant Miramed Revenue Group, LLC

303990478v1 1007168